**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

**CASE NO. 00-6328-CR-FERGUSON**

UNITED STATES OF AMERICA,
    Plaintiff,

v.

SMLX TECHNOLOGIES, INC.,

    Defendant.
_____/



### SENTENCING MEMORANDUM OF DEFENDANT
### SMLX TECHNOLOGIES, INC. AND INCORPORATED
### COMMENTS TO PRESENTENCE INVESTIGATION REPORT

Defendant SMLX Technologies, Inc., pursuant to the requirements of Southern District of Florida Local Rule 88.8, submits this sentencing memorandum and incorporated comments to the Presentence Investigation Report (PSI).

1. SMLX Technologies, Inc., through counsel, has had an adequate opportunity to review the PSI. **SMLX does not dispute any material facts contained in the PSI that are relevant to the sentencing decision.** Two minor clarifications have been brought to the attention of the Probation Office. That communication is attached as Exhibit A.

2.  SMLX asks this court to impose the sentence recommended by the parties in the Plea Agreement. That sentence should include the following:

   a.  a fine of $150,000.00;

   b.  joint and several restitution (with the codefendants) in the amount of $197,500.00, to be paid according to the payment schedule set out in ¶ 10 of the Plea Agreement;

   c.  a sentence of probation of no more than three years, which represents a sufficient amount of time for payment of all restitution and fine obligations.

3.  SMLX is a public company with a real potential for substantial growth. Its cooperation with the government has enabled it to put the charged incident in the past. The SMLX management team, none of whom were involved in the underlying criminal conduct, has worked energetically to move the company in a positive direction while distancing the company from those former officers responsible for the criminal conduct. SMLX is no longer involved in producing or promoting the Simplex Rapid HIV Saliva Test, which was the subject of this criminal case. SMLX is working to develop other technological solutions for the medical, dental, and other industries, and then bring these technologies to the marketplace. It is currently working with a number of other products which are not in any way involved in the events

which gave rise to the SMLX guilty plea. It has put in place an effective system to detect and prevent future violations of the law.

4.  The individuals who were involved in the underlying criminal conduct, Henry B. Schur and Nicholas Levandoski, are no longer part of the corporate management team. The present corporate management team is completely new and was neither part of the underlying conduct nor responsible for the company's operations through any of the time period set out in the information (through July 21, 1998).

5.  In addition to its cooperation with the government, SMLX has also taken positive steps to assure that the conduct leading to the Plea Agreement will not be repeated. SMLX has embarked on an effective compliance program that includes quality control, periodic audits of its operations, and regulatory inspections. The consultant in charge of overseeing the program, mdi Consultants, Inc., has extensive experience in FDA regulatory matters. This compliance program will assure that SMLX is in a position to prevent and detect future violations of law. U.S.S.G. § 8C2.5(f).

6.  Because SMLX has accepted full responsibility for the charged misconduct and has put in place an effective program to prevent future

-3-

violations, this court should sentence SMLX in accordance with the recommendations contained in the Plea Agreement.

Respectfully submitted,

**SALE & KUEHNE, P.A.**
Bank of America Tower, Suite 3550
100 S.E. 2nd Street
Miami, Florida 33131
Telephone: (305) 789-5989
Fax: (305) 789-5987
E-mail: ben.kuehne@lawyers.com

By: *[signature]*
**BENEDICT P. KUEHNE**

-4-

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been mailed and faxed this 15th day of March 2001, to:

Robert N. Nicholson
Assistant U.S. Attorney
500 East Broward Boulevard
Seventh Floor
Fort Lauderdale, Florida 33394-3002
Fax: (954) 356-7336

Kathryn Gomez
U.S. Probation Officer
299 East Broward Boulevard
Room 409
Fort Lauderdale, Florida 33301-1168
Fax: (954) 769-5566

*Benedict P. Kuehne*

**BENEDICT P. KUEHNE**

S:\Firm\SMLX\Sentencing memo.3-12-01.wpd

SALE & KUEHNE, P.A. • BANKAMERICA TOWER, SUITE 3550, 100 S.E. 2ND STREET, MIAMI, FL 33131-2154 • 305/789-5989 • FAX 305/789-5987

LAW OFFICES OF
## SALE & KUEHNE
PROFESSIONAL ASSOCIATION

JON A. SALE
BENEDICT P. KUEHNE*

*BOARD CERTIFIED
CRIMINAL TRIAL PRACTICE AND
APPELLATE PRACTICE

BANKAMERICA TOWER, SUITE 3550
100 S.E. 2ND STREET
MIAMI, FLORIDA 33131-2154
305-789-5989
305-789-5987 (FAX)
EMAIL: ben.kuehne@lawyers.com

FORT LAUDERDALE OFFICE
LAS OLAS CENTRE, SUITE 1700
350 EAST LAS OLAS BLVD
FORT LAUDERDALE, FLORIDA 33301-2229
954-524-1114

REPLY TO:

March 15, 2001

**VIA FAX (954-769-5566)**

Kathryn Gomez
United States Probation Officer
299 East Broward Boulevard
Room 409
Fort Lauderdale, Florida 33301-1168

    Re:  *SMLX Technologies, Inc.*
          U.S.D.C. Case No. 00-6328-CR-Ferguson (S.D. Fla.)
          Clarification to Presentence Investigation Report

Dear Ms. Gomez:

    On behalf of SMLX Technologies, Inc., I want to take this opportunity to thank you for your thorough Presentence Investigation Report. In what is undoubtedly a factually complicated case, you explained the facts and analyzed the sentencing issues quite ably.

    I believe two factual comments are needed to clarify the PSI. ¶ 9 relates that the two codefendants, together with SMLX engaged in the violations of the cited statutes. For a number of reasons, the information pertaining to SMLX Technologies, Inc. very specifically alleges an offense period from December 1995 "through on or about July 21, 1998 ..." (Information at ¶ 13). After that time, a new investment group became involved with SMLX. Over a short period of time the new investors moved the company away from reliance on the Simplex Rapid HIV Saliva Test. The new management team and the succeeding officers were not knowingly involved in the conduct orchestrated by defendants Henry Schur and Nicholas Levandoski.

    Consequently, I request that you adjust the introductory portion of ¶ 9 as follows: "From June 1995 through September 1999, Henry Bernard Schur

Kathryn Gomez
March 15, 2001
Page 2

and Nicholas Levandoski, employees and officers of SMLX Technologies, Inc. (SMLX), introduced and delivered for introduction ..." That correction will more accurately explain the role of the company without unnecessarily suggesting the company's criminal involvement in conduct beyond July 1998.

¶ 2. The second comment in need of correction is contained in ¶ 23. That paragraph states that "SMLX netted approximately $433,433 ..." Factually, SMLX "received" that amount of money. It was not net profit to the company. The paragraph as written may be misconstrued.

Please let me know if you have any questions concerning these requested clarifications.

Respectfully submitted,

SALE & KUEHNE, P.A.

*Benedict P. Kuehne*
**BENEDICT P. KUEHNE**

BPK/rd
cc:  Robert N. Nicholson, Assistant United States Attorney
     SMLX Technologies, Inc.
     John Mariani, Esq.
S:\Firm\SMLX\Gomez ltr.3-15-01.wpd

LAW OFFICES OF
## SALE & KUEHNE
PROFESSIONAL ASSOCIATION

JON A. SALE
BENEDICT P. KUEHNE*

*BOARD CERTIFIED
CRIMINAL TRIAL PRACTICE AND
APPELLATE PRACTICE

BANKAMERICA TOWER, SUITE 3550
100 S.E. 2ND STREET
MIAMI, FLORIDA 33131-2154
305-789-5989
305-789-5987 (FAX)
EMAIL: ben.kuehne@lawyers.com

FORT LAUDERDALE OFFICE
LAS OLAS CENTRE, SUITE 1700
350 EAST LAS OLAS BLVD.
FORT LAUDERDALE, FLORIDA 33301-2229
954-524-1114

REPLY TO:

March 15, 2001

**VIA FAX (954-769-5566)**

Kathryn Gomez
United States Probation Officer
299 East Broward Boulevard
Room 409
Fort Lauderdale, Florida 33301-1168

    Re:  *SMLX Technologies, Inc.*
          U.S.D.C. Case No. 00-6328-CR-Ferguson (S.D. Fla.)
          Clarification to Presentence Investigation Report

Dear Ms. Gomez:

      On behalf of SMLX Technologies, Inc., I want to take this opportunity to thank you for your thorough Presentence Investigation Report. In what is undoubtedly a factually complicated case, you explained the facts and analyzed the sentencing issues quite ably.

      I believe two factual comments are needed to clarify the PSI.

      1.    Paragraph 9 relates that the two codefendants, together with SMLX engaged in the violations of the cited statutes. For a number of reasons, the information pertaining to SMLX Technologies, Inc. very specifically alleges an offense period from December 1995 "through on or about July 21, 1998 ..." (Information at ¶ 13). After that time, a new investment group became involved with SMLX. Over a short period of time, the new investors moved the company away from reliance on the Simplex Rapid HIV Saliva Test. The new management team and the succeeding officers were not knowingly involved in the conduct orchestrated by defendants Henry Schur and Nicholas Levandoski.



EXHIBIT
A

Kathryn Gomez
March 15, 2001
Page 2

Consequently, I request that you adjust the introductory portion of ¶ 9 as follows: "From June 1995 through September 1999, Henry Bernard Schur and Nicholas Levandoski, employees and officers of SMLX Technologies, Inc. (SMLX), introduced and delivered for introduction ..." That correction will more accurately explain the role of the company without unnecessarily suggesting the company's criminal involvement in conduct beyond July 1998.

2.   The second comment in need of correction is contained in ¶ 23. That paragraph states that "SMLX netted approximately $433,433 ..." Factually, SMLX "received" that amount of money. It was not net profit to the company. The paragraph as currently written may be misconstrued.

Please let me know if you have any questions concerning these requested clarifications.

Respectfully submitted,

SALE & KUEHNE, P.A.

*[signature]*

BENEDICT P. KUEHNE

BPK/rd
cc:   Robert N. Nicholson, Assistant United States Attorney
      SMLX Technologies, Inc.
      John Mariani, Esq.

S:\Firm\SMLX\Gomez ltr.3-15-01.wpd